**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Gregory Balan,<br><br>                    Plaintiff,<br>v.<br><br>Schlee & Stillman L.L.C.; and DOES 1-10, inclusive,<br><br>                    Defendants. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Gregory Balan, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      The Plaintiff, Gregory Balan ("Plaintiff"), is an adult individual residing in Beverly, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Schlee & Stillman L.L.C. ("Schlee"), is a Maryland business entity with an address of 9712 Belair Road, Suite 203, Nottingham, Maryland 21236, operating as a collection agency, and a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.   Does 1-10 (the "Collectors") are individual collectors employed by Schlee and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.   Schlee at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

7.   The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8.   The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.   The Debt was purchased, assigned or transferred to Schlee for collection, or Schlee was employed by the Creditor to collect the Debt.

10.   The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   Schlee Engages in Harassment and Abusive Tactics**

11.   In or around July 20, 2016, Schlee called Plaintiff's place of employment in an attempt to collect the Debt.

12.   Plaintiff informed Schlee that they were calling his place of employment and to cease all calls to that telephone number. Plaintiff then provided Schlee with his cellular telephone number.

13.   Despite Plaintiff's request, Schlee again called his place of employment in or around July 27, 2016, speaking to Plaintiff's co-worker.

### C. Plaintiff Suffered Actual Damages

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

18. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

21. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 6, 2017

                              Respectfully submitted,

                              By   /s/ Sergei Lemberg

                              Sergei Lemberg (BBO# 650671)
                              LEMBERG LAW, L.L.C.
                              43 Danbury Road, 3rd Floor
                              Wilton, CT 06897
                              Telephone: (203) 653-2250
                              Facsimile: (203) 653-3424
                              Attorneys for Plaintiff